**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**TRAON TURK,**

      **Defendant.**

**CRIMINAL ACTION NO.
1:20-CR-253-TWT-CCB**

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Certificate of Restoration of Competency to Stand Trial recently submitted by the Acting Warden at the Metropolitan Correctional Center (MCC) in Chicago, Illinois.

Defendant and the Government first filed motions related to Defendant's competency in September of 2021, when Defendant filed a motion for a competency hearing and the Government filed a motion to have Defendant evaluated. (Docs. 43, 44). The Court granted the Government's motion and ordered Defendant to undergo an examination to assess his ability to comprehend the nature and consequences of the proceedings against him and reasonably assist in his defense. (Doc. 45). Defendant ultimately withdrew his motion for a competency hearing. (Doc. 55). As such, and after Defendant withdrew other

pretrial motions to suppress, I certified Defendant's case ready for trial on January 3, 2023. (Docs. 58, 60, 61).

The parties appeared before District Judge Thomas W. Thrash, Jr. on March 31, 2023 for a change-of-plea hearing. (Doc. 67). Defendant did not enter a guilty plea, and, the same day, he filed a second motion for a competency hearing, (Doc. 66), and the Government filed a motion to have Defendant evaluated, (Doc. 68). Judge Thrash then de-certified the case. (Doc. 70).

Defendant was subsequently evaluated by Dr. Margaret "Peggy" Flanagan, Ph.D., who was of the opinion that Defendant was not competent to stand trial. (Doc. 73). The Government did not contest Dr. Flanagan's opinion, and I found by a preponderance of the evidence that Defendant was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Id.* As such, Defendant was committed to the custody of the Attorney General for treatment under 18 U.S.C. § 4241(d). *Id.*

On March 21, 2024, Dr. Drew J. Miller, Ph.D., a forensic psychologist, prepared a report following Defendant's evaluation and treatment at MCC Chicago. The report outlines Defendant's medical history, the findings of various prior competency reports, and the efforts to restore Defendant's competency. Dr. Miller offers the opinion that, at this time, Defendant does not suffer from a mental disease or defect that renders him unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense. The Acting Warden at MCC Chicago simultaneously transmitted to the Court and counsel a certificate of restoration of competency, as contemplated by 18 U.S.C. § 4241(e).

I held a hearing on April 5, 2024. Neither party contests Dr. Miller's findings. In other words, neither party suggests or argues that Defendant is currently suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. I have reviewed Dr. Miller's report, and it provides support for the parties' positions.

As such, I **RECOMMEND** that the Court find, by a preponderance of the evidence, that Defendant has recovered to such an extent that he is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *See* 18 U.S.C. § 4241(e). Defendant should be ordered discharged from the facility where he was evaluated (MCC Chicago),[1] and the case is hereby **CERTIFIED READY FOR TRIAL**.

---

[1] This statutory requirement may well be moot, as Defendant has been transferred back to the Northern District of Georgia and is presently in the custody of the United States Marshals Service.

3

**IT IS SO ORDERED** and **RECOMMENDED,** this 5th day of April, 2024.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

4